**No. 56478.**—American Broadcasting Co., Inc., et al. *v.* United States, protests 177462–K, etc. (New York).

Opinion by OLIVER, C. J.   Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 56479.**—Air Express Intl. Agency, Inc., et al. *v.* United States, protests 141668–K, etc. (New York).

Opinion by MOLLISON, J.   Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 56480.**—Cigogne, Inc., et al. *v.* United States, protests 177697–K, etc. (New York).

Opinion by MOLLISON, J.   Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 56481.**—Fleming-Joffe, Ltd. *v.* United States, protests 179195–K, etc. (New York).

Opinion by MOLLISON, J.   Following the authorities cited in Abstract 15400 the court dismissed the protests.

BEFORE THE SECOND DIVISION, MARCH 18, 1952

**No. 56482.**—Hunter Douglas Corporation *v.* United States, protests 155931–K (A), etc. (Norfolk).

Opinion by LAWRENCE, J.   At the hearing it was agreed between the parties that the merchandise in controversy consisted of aluminum nonferrous ore manufactures and did not consist of ores or concentrates or other crude substances. Uncontradicted evidence was introduced to the effect that the articles were imported to be used in remanufacture by melting and that they have been used in remanufacture by melting.   An examination of the papers disclosed that affidavits have been filed in accordance with regulations prescribed by the Secretary of the Treasury pursuant to Public Law 869, *supra.*   Upon the record presented, it was held that the merchandise comes within the provisions of Public Law 869, *supra,* and is properly entitled to free entry.